CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Guam Industrial Services dba Guam Shipyard

**FILED**
DISTRICT COURT OF GUAM
OCT 20 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM INDUSTRIAL SERVICES DBA GUAM SHIPYARD,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSATLANTIC LINES,<br><br>In Personam Defendant,<br><br>M/V BONITO aka M/V TRANSPACIFIC,<br><br>In Rem Defendant. | CIVIL CASE NO. 06-00033<br><br>**ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN** |

Plaintiff Guam Industrial Services dba Guam Shipyard ("Guam Shipyard"), by and through its attorneys Carlsmith Ball LLP, having appeared and made the following recitals:

1. On October 20, 2006, the Complaint herein was filed praying that M/V BONITO aka M/V TRANSPACIFIC, its engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiffs' demands and claims and for other proper relief.

**ORIGINAL**

4819-4861-4657.1.000EJM-00001
Case 1:06-cv-00033   Document 8   Filed 10/20/2006   Page 1 of 3

2. On October 20, 2006, the Clerk issued a Writ of Attachment of the vessel commanding the Marshal of the District Court of Guam, or his designee, to arrest and take into custody the vessel and to detain the same in his custody until further Order of the Court.

3. It is contemplated that the Marshal will seize the Defendant vessel forthwith. Custody by the Marshal requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to this vessel.

4. The Defendant vessel is currently berthed at the Port of Guam.

5. Oceaneer Enterprises, through its principal owner Jurgen Unterberg, has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as the custodian upon Order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessels, at a rate of $768.00 per day. The Marshal is unable to perform or to have performed at a comparable rate these same services. Additional services to be performed by Mr. Unterberg will include providing all necessary goods and services. In any case, the transfer of the Defendant vessel to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

THEREFORE, IT IS ORDERED that the Plaintiff, in consideration of the Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the Marshal of the District Court of Guam, his agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, equipment etc. from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, equipment etc., and it is further

ORDERED that Plaintiff and/or the substitute custodian shall defend the Marshal of the District Court of Guam, his agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, furthershall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the Marshal of the FSM, his agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody, and it is further

ORDERED that the Marshal for the District Court of Guam shall surrender the possession of the Defendant vessel to the substitute custodian named herein upon executing the warrant in this action, and it is further

ORDERED that Jurgen Unterberg be, and is hereby, appointed the custodian of said vessels to retain the same in its custody for possession and safekeeping for the aforementioned compensation until further Order of the Court, and it is further

ORDERED that all Marshal's costs be paid prior to release of said vessels, and it is further

ORDERED that the substitute custodian must receipt for the vessels and the Marshal must attest to the date and time of release on a certified copy thereof, and it is further

ORDERED that Plaintiff's attorney will serve the owner of Defendant vessels with a copy of this Order.

DATED: Hagåtña, Guam, October 20, 2006.

JOAQUIN V. E. MANIBUSAN, JR.
U.S. Magistrate Judge