FILED
DISTRICT COURT OF GUAM
OCT 27 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

GUAM INDUSTRIAL SERVICES d.b.a. GUAM SHIPYARD,

    Plaintiff,

vs.

TRANSATLANTIC LINES,

    Defendant In Personam,

M/V BONITO a.k.a. M/V/ TRANSPACIFIC,

    Defendant In Rem.

Civil Case No. 06-00033

**ORDER**

This case came before the Court on October 26, 2006, for hearing on an Ex *Parte* Motion for Release of the M/V Bonito a.k.a. M/V Transpacific (the "Vessel"). Because the parties had been unable to agree on an amount, the issue before the Court was to determine the appropriate amount of security to be posted by defendant Transatlantic Lines Tankholdings Inc.,[1] the owner of the Vessel, such that the Vessel could be released.

---

[1] At the hearing, counsel for Transatlantic Lines Tankholdings Inc. ("Transatlantic") stated that the Plaintiff incorrectly identified it in the suit herein as "Transatlantic Lines. Prior to the hearing, Transatlantic had filed a "General Appearance" in this action, consenting to the jurisdiction of this Court for all purposes with respect to the claim of the Plaintiff as identified in its Verfieid Complaint. Accordingly, Transatlantic waived any defenses of personal jurisdiction and or service of process.

**ORIGINAL**

Transatlantic had deposited the sum of $310,000.00 with the Clerk of Court on October 25, 2006. Transatlantic noted that the liquidated sum identified in the Verified Complaint is slightly less than $310,000. Transatlantic argued that the $310,000 was sufficient security to insure that the Vessel responds to the Plaintiffs asserted claims.

The Plaintiff, on the other hand, asserted that a bond of $310,000 was insufficient because said amount would not cover any interest that accrues in the interim, in addition to the allowed costs such as the U.S. Marshal's service fees of $675.00. the U.S. Marshal's insurance cost of $600.00, the daily custodian fee which to date cumulatively amounts to $3000.00, and the custodian's survey report cost of $875.00. The Plaintiff maintained that the appropriate amount to be posted instead should be $500,000.00.

Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims authorizes the release of arrested property upon the posting of a bond. Rule E(5)(a) provides that unless a bond amount is agreed upon by the parties,

> the court shall fix the principal sum of the bond . . . at an amount sufficient to cover the amount of the plaintiffs claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiffs claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum.

SUPP. R. ADM. E(5)(a).

In this case, the Verified Complaint states that the outstanding principal balance owed to the Plaintiff is $204,044.19. Compl. at 3. In addition to the principal amount, the Plaintiff seeks $105,218 in accrued interest. Id. The Plaintiff asserts that this interest is based on the "contracted" rate of 2% per month. In support of this claim, the Plaintiff relies upon Exhibit A to its Verified Complaint – an invoice dated January 13, 2005 for the amount of the principal balance – which contains the following language toward the bottom of the page: "NOTE: A 2% Finance Charge will be charged on invoice over 30 days past due."

Transatlantic argues that this language does not specifically state that the "finance charge" will be compounded monthly at the rate of 2%. Transatlantic urges the Court to construe the language against the drafter (the Plaintiff) and instead interpret the notice as

imposing at most a 2% finance charge on the outstanding amount. Thus, without conceding that the amount alleged is actually owed, Transatlantic contends that the Plaintiffs claim "fairly stated" actually consists of the outstanding principal balance owed of $204,044.19, plus a 2% finance charge of less than $5,000. Assuming that the Plaintiffs assertion is correct that another $40,000 should be allotted to cover costs and expenses allowed under Rule E, Transatlantic maintains that the $310,000 deposited is more than ample security.

What is clear under rule E is a policy to primarily protect and secure "plaintiffs claim." The Plaintiffs claim herein is $204,044.19. In fixing the principal sum of the bond, the Court is required to consider (1) accrued interest and (2) costs. In this action, the Plaintiffs claim arose on either December 31, 2004 (the date of the completion of the repairs) or January 13, 2005, the date of the invoice requesting payment of the Plaintiffs claim of $204,044.19.

The Plaintiff seeks to recover interest in the sum of $105,218, accrued as of October 20, 2006. This amount is 51.56% of the Plaintiffs claim. Thus, under the Plaintiffs calculations, the accrued interest within less than a two-year period is more than half of the Plaintiffs claim. Whether the Plaintiff can recover this sum as accrued interest will be an issue at trial. What is clear, however, is that the Plaintiffs request that the Court require Transatlantic to post a bond of $500,000 is not supported by Rule E. The Plaintiffs claim in this action is $204,044.19. In setting the principal sum of the bond – accrued interest and costs being added to the Plaintiffs claim – the principal sum cannot exceed twice the amount of the Plaintiffs claim, or in this case $408,088.38. See SUPP. R. ADM. E(5)(a).

The Court again emphasizes that the interpretation of the language contained in the invoice regarding the 2% interest or finance charge is an issue best left to be determined at trial. Accordingly, the Court will not attempt to resolve this dispute at this time. Rather, the Court believes that a reasonable solution in arriving at a principal sum for the bond would be to utilize a rate of 6% per annum as contained in Rule E and as set forth in 18 GUAM CODE ANN. § 47106 and permitted under 5 GUAM CODE ANN. § 2110. Using this rate, the interest on the outstanding principal would result in approximately $12,250 per year, or approximately $37,000 in three years. Adding this interest amount to the outstanding principal alleged and including $40,000 in

additional costs as asserted by the Plaintiff results in a total sum which is less than the $310,000 deposited into the Court's registry by Transatlantic.

In conclusion, the Court finds that a bond of $310,000 is sufficient to cover the amount of the Plaintiffs claim fairly stated with accrued interest and costs. In further arriving at this conclusion, the Court is mindful that the amount of accrued interest must be determined under Guam law. The Plaintiff has computed its accrued interest based upon a 2% per month compounded calculation. The Court notes that compound interest is not favored under Guam law. See Guam United Warehouse Corp. V. DeWitt Transportation Services of Guam, Inc., 2003 Guam 20. Thus, even if the Plaintiff were to prevail at a 2% per month simple interest rate – $4,080.88 a month and approximately $89,800 for 22 months – this amount still falls below the $105,218 amount which the Plaintiff seeks to recover. The difference provides a cushion for costs and additional interest.

Accordingly, the Court grant's Transatlantic's Motion for Release and orders, adjudges and decrees that the vessel M N Bonito a.k.a. M/V Transpacific is hereby released in light of Transatlantic's posting of cash security in the amount of $310,000.00 with the Clerk of Court.

SO ORDERED this 27th day of October 2006.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge