additional costs as asserted by the Plaintiff results in a total sum which is less than the $310,000 deposited into the Court's registry by Transatlantic.

In conclusion, the Court finds that a bond of $310,000 is sufficient to cover the amount of the Plaintiff's claim fairly stated with accrued interest and costs. In further arriving at this conclusion, the Court is mindful that the amount of accrued interest must be determined under Guam law. The Plaintiff has computed its accrued interest based upon a 2% per month compounded calculation. The Court notes that compound interest is not favored under Guam law. See Guam United Warehouse Corp. V. DeWitt Transportation Services of Guam, Inc., 2003 Guam 20. Thus, even if the Plaintiff were to prevail at a 2% per month simple interest rate – $4,080.88 a month and approximately $89,800 for 22 months – this amount still falls below the $105,218 amount which the Plaintiff seeks to recover. The difference provides a cushion for costs and additional interest.

Accordingly, the Court grant's Transatlantic's Motion for Release and orders, adjudges and decrees that the vessel M/V Bonito a.k.a. M/V Transpacific is hereby released in light of Transatlantic's posting of cash security in the amount of $310,000.00 with the Clerk of Court.

SO ORDERED this 27th day of October 2006.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge

I HAVE SERVED THE WITHIN Order ON 10/27/06 @ 4:57P (WRIT-ORDER) BY LEAVING WITH
(DATE & TIME)
Cpt. Douglas J. Rybinski
(NAME & TITLE OF INDIVIDUAL SERVED)
J. Fuller
USM
BY: V.

FILED
DISTRICT COURT OF GUAM
OCT 31 2006
MARY L.M. MORAN
CLERK OF COURT

RECEIVED
OCT 25 2006
US MARSHALS SERVICE-GUAM

FILED
DISTRICT COURT OF GUAM
OCT 2 7 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| GUAM INDUSTRIAL SERVICES d.b.a. GUAM SHIPYARD,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSATLANTIC LINES,<br><br>    Defendant In Personam,<br><br>M/V BONITO a.k.a. M/V/ TRANSPACIFIC,<br><br>    Defendant In Rem. | Civil Case No. 06-00033<br><br><br><br>**ORDER** |

This case came before the Court on October 26, 2006, for hearing on an *Ex Parte* Motion for Release of the M/V Bonito a.k.a. M/V Transpacific (the "Vessel"). Because the parties had been unable to agree on an amount, the issue before the Court was to determine the appropriate amount of security to be posted by defendant Transatlantic Lines Tankholdings Inc.,[1] the owner of the Vessel, such that the Vessel could be released.

---

[1] At the hearing, counsel for Transatlantic Lines Tankholdings Inc. ("Transatlantic") stated that the Plaintiff incorrectly identified it in the suit herein as "Transatlantic Lines. Prior to the hearing, Transatlantic had filed a "General Appearance" in this action, consenting to the jurisdiction of this Court for all purposes with respect to the claim of the Plaintiff as identified in its Verfied Complaint. Accordingly, Transatlantic waived any defenses of personal jurisdiction and or service of process.

Transatlantic had deposited the sum of $310,000.00 with the Clerk of Court on October 25, 2006. Transatlantic noted that the liquidated sum identified in the Verified Complaint is slightly less than $310,000. Transatlantic argued that the $310,000 was sufficient security to insure that the Vessel responds to the Plaintiff's asserted claims.

The Plaintiff, on the other hand, asserted that a bond of $310,000 was insufficient because said amount would not cover any interest that accrues in the interim, in addition to the allowed costs such as the U.S. Marshal's service fees of $675.00, the U.S. Marshal's insurance cost of $600.00, the daily custodian fee which to date cumulatively amounts to $3000.00, and the custodian's survey report cost of $875.00. The Plaintiff maintained that the appropriate amount to be posted instead should be $500,000.00.

Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims authorizes the release of arrested property upon the posting of a bond. Rule E(5)(a) provides that unless a bond amount is agreed upon by the parties,

> the court shall fix the principal sum of the bond . . . at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum.

SUPP. R. ADM. E(5)(a).

In this case, the Verified Complaint states that the outstanding principal balance owed to the Plaintiff is $204,044.19. Compl. at 3. In addition to the principal amount, the Plaintiff seeks $105,218 in accrued interest. Id. The Plaintiff asserts that this interest is based on the "contracted" rate of 2% per month. In support of this claim, the Plaintiff relies upon Exhibit A to its Verified Complaint – an invoice dated January 13, 2005 for the amount of the principal balance – which contains the following language toward the bottom of the page: "NOTE: A 2% Finance Charge will be charged on invoice over 30 days past due."

Transatlantic argues that this language does not specifically state that the "finance charge" will be compounded monthly at the rate of 2%. Transatlantic urges the Court to construe the language against the drafter (the Plaintiff) and instead interpret the notice as

imposing at most a 2% finance charge on the outstanding amount. Thus, without conceding that the amount alleged is actually owed, Transatlantic contends that the Plaintiff's claim "fairly stated" actually consists of the outstanding principal balance owed of $204,044.19, plus a 2% finance charge of less than $5,000. Assuming that the Plaintiff's assertion is correct that another $40,000 should be allotted to cover costs and expenses allowed under Rule E, Transatlantic maintains that the $310,000 deposited is more than ample security.

What is clear under rule E is a policy to primarily protect and secure "plaintiff's claim." The Plaintiff's claim herein is $204,044.19. In fixing the principal sum of the bond, the Court is required to consider (1) accrued interest and (2) costs. In this action, the Plaintiff's claim arose on either December 31, 2004 (the date of the completion of the repairs) or January 13, 2005, the date of the invoice requesting payment of the Plaintiff's claim of $204,044.19.

The Plaintiff seeks to recover interest in the sum of $105,218, accrued as of October 20, 2006. This amount is 51.56% of the Plaintiff's claim. Thus, under the Plaintiff's calculations, the accrued interest within less than a two-year period is more than half of the Plaintiff's claim. Whether the Plaintiff can recover this sum as accrued interest will be an issue at trial. What is clear, however, is that the Plaintiff's request that the Court require Transatlantic to post a bond of $500,000 is not supported by Rule E. The Plaintiff's claim in this action is $204,044.19. In setting the principal sum of the bond – accrued interest and costs being added to the Plaintiff's claim – the principal sum cannot exceed twice the amount of the Plaintiff's claim, or in this case $408,088.38. See SUPP. R. ADM. E(5)(a).

The Court again emphasizes that the interpretation of the language contained in the invoice regarding the 2% interest or finance charge is an issue best left to be determined at trial. Accordingly, the Court will not attempt to resolve this dispute at this time. Rather, the Court believes that a reasonable solution in arriving at a principal sum for the bond would be to utilize a rate of 6% per annum as contained in Rule E and as set forth in 18 GUAM CODE ANN. § 47106 and permitted under 5 GUAM CODE ANN. § 2110. Using this rate, the interest on the outstanding principal would result in approximately $12,250 per year, or approximately $37,000 in three years. Adding this interest amount to the outstanding principal alleged and including $40,000 in

# U.S. Department of Justice
## United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| GUAM INDUSTRIAL SERVICES DBA GUAM SHIPYARD | CIVIL 06-00033 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| TRANSATLANTIC LINES, DEFENDANT IN PERSONAM, M/V BONITO AKA M/V TRANSPACIFIC, DEFENDANT IN REM. | RELEASE ORDER |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
CAPTAIN

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
M/V BONITO
COMMERCIAL PORT OF GUAM

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

JEHAN'AD G. MARTINEZ
BLAIR STERLING JOHNSON MARTINEZ & LEON GUERRERO
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGATNA, GUAM 96910

| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 6 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

**RELEASE THE VESSEL M/V BONITO**

RECEIVED OCT 31 2006 DISTRICT COURT OF GUAM HAGATNA, GUAM

Signature of Attorney or other Originator requesting service on behalf of:
☐ PLAINTIFF
☒ DEFENDANT
TELEPHONE NUMBER: 671-477-7857
DATE: OCT. 27, 2006

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)
Total Process: 1
District of Origin No. 093
District to Serve No. 093
Signature of Authorized USMS Deputy or Clerk: [signature]
Date: 10/27/06

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above):
Cpt. Douglas J. Rybenski

Address (complete only if different than shown above):
898-2929

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Date of Service: 10/27/06
Time: 4:57 pm
Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or Amount of Refund |
|---|---|---|---|---|---|
| | | | | 260.00 | |

REMARKS:

PRIOR EDITIONS MAY BE USED
1. CLERK OF THE COURT
FORM USM-285 (Rev. 12/15/80)

# INSTRUCTIONS FOR SERVICE OF
# PROCESS BY THE U.S. MARSHAL

Please type or print legibly, insuring readability of all copies. DO NOT DETACH ANY COPIES.

Submit one complete set of this form (USM-285) and one copy of each writ for each individual, company, corporation, etc., to be served or property to be seized or condemned. The applicable fees for such service(s) (728, USC Sec. 1921 establishes the fees for service of process by the U.S. Marshal) may be required prior to said service.

For service of any process upon an officer or agent of the United States Government, submit a copy of the writ and a set of Form USM-285 for each officer or agent upon whom service is desired. Submit three (3) additional copies of the writs for service upon the Government of the United States. The U.S. Marshal will serve one (1) upon the U.S. Attorney and will forward two (2) to the Attorney General of the United States. (When the applicable box is checked, completion of the final signature block by the U.S. Marshal or his Deputy always certifies service on the U.S. Attorney and the Attorney General, regardless of whether other defendants on the writ were served.) Failure to provide any of the copies will delay service of the writ.

Complete all entries above the double line. Mark all applicable check boxes and use the "Special Instructions" to advise of any information that will assist the U.S. Marshal in expediting service.

If more than one writ and USM-285 is submitted on a single case, the U.S. Marshal will receipt for all of them on the first. You will receive for your records the last (No. 5) "Acknowledgment of Receipt" copy for all the USM-285 forms you submit. When the writ is served, you will receive the No. 5 Notice of Service copy. This copy will be identical to the return to the Clerk of the Court.

Upon completion of all services (if the Marshals fees were not requested or tendered in advance or if additional fees are indicated), you will receive a "Billing Statement" (copy 4 of USM-285) from the United States Marshal. (NOTE: Copy 4 should be returned, by you, to the U.S. Marshal, together with your payment of the amount owed.)

Additional supplies of the USM-285 may be obtained from the Clerk of the U.S. District Court or U.S. Marshal, without cost.