CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Guam Industrial Services dba Guam Shipyard



FILED
DISTRICT COURT OF GUAM
NOV 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| GUAM INDUSTRIAL SERVICES DBA GUAM SHIPYARD, | CIVIL CASE NO. CIV06-00033 |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF GUAM INDUSTRIAL SERVICES DBA GUAM SHIPYARD'S MOTION TO STAY DEFENDANT'S MOTION TO DISMISS; MEMORANDUM IN SUPPORT THEREOF; DECLARATION OF SERVICE** |
| TRANSATLANTIC LINES, | |
| Defendant in Personam. | |
| M/V BONITO aka M/V TRANSPACIFIC, | |
| Defendant in Rem. | |

Plaintiff Guam Industrial Services dba Guam Shipyard ("Guam Shipyard") hereby moves the Court to stay or order withdrawal of Defendant in Rem M/V BONITO aka M/V TRANSPACFIC'S Motion to Dismiss.

Guam Shipyard seeks such relief in order to have sufficient time to conduct the discovery which is permitted under Federal Rule of Civil Procedure 56(f). Rule 56 applies in this instance because the Motion to Dismiss is actually a motion for summary judgment relying on matters outside the pleadings. Because this action was only recently commenced on October 20, 2006, neither party has yet initiated any discovery. Absent Rule 56(f) discovery Guam Shipyard has no

means to oppose the motion. Under Rule 56, the Court may refuse to entertain the Motion to Dismiss or may order a continuance for depositions to be taken or discovery to be had or may make such other order as is just. This motion is supported by the attached Memorandum of Points and Authorities and the records and files for this action.

DATED: Hagåtña, Guam, November 22, 2006.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Guam Industrial Services dba Guam Shipyard

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Guam Shipyard seeks an order Under Rule 56(f) staying or ordering withdrawn Defendant in Rem M/V BONITO and Transatlantic Lines Tankholdings, Inc.'s ("TAL Tankholdings") Motion to Dismiss, and for an Order granting Guam Shipyard its attorneys fees in presenting this Motion for the following reasons:

A. The Motion is actually a motion for summary judgment as it presents factual disputes relating to matters outside the pleadings. In particular, a sworn declaration of a TAL Tankholdings' official.

B. Under Federal Rule of Civil Procedure 56(f), Guam Shipyard has the undeniable right to conduct discovery and depositions on issues presented in the motion and to rebut the sworn declaration.

C. Under LR 7.1(d)(2)(A), Guam Shipyard's opposition to the Motion is due on *November 27, 2006.* It is self-evident that Guam Shipyard cannot conduct any discovery by November 27, 2006. The only remedy is to stay the motion or order it to be withdrawn without prejudice until adequate discovery can be completed.

D. In presenting its motion to dismiss, Defendant did not follow LR 7.1(e)(2) and committed other procedural miscues which are the root cause of having to bring this motion. For example, Defendant converted the motion, originally set for hearing on January 9, 2007, to a non-hearing motion under LR 7.1(d)(2), which only served to exacerbate the problem of no time for discovery. What's more, though Defendant's failure to comply with LR 7.1 was pointed out and problem-solving solutions short of motion practice were suggested, Defendant refused to address the matter in a satisfactory manner. Had this been done, Court time and resources would not be consumed correcting a mistake created by Defendant's failure to follow LR 7.1. In short,

Guam Shipyard now finds itself in a dilemma not of its own making and facing impossible deadlines created entirely by others initially overlooking the requirements of LR 7.1. In the circumstances, the Court should grant the instant motion and order Defendant to reimburse Guam Shipyard's attorneys fess for this motion.

## II. **PROCEDURAL FACTS**

On October 20, 2006, Guam Shipyard filed a Verified Complaint against Defendant In Personam Transatlantic Lines ("Transatlantic") and Defendant in Rem M/V BONITO aka M/V TRANSPACIFIC. The Complaint alleges that Transatlantic owned, owned pro hac vice, operated, managed, chartered, or otherwise controlled the M/V BAFFIN STRAIT, and contracted with Guam Shipyard to make repairs to the vessel. The Complaint further alleges that Transatlantic has failed to make payments to Guam Shipyard in the amount of $204,044.19 plus interest.

The Complaint alleges that Transatlantic owns, owns pro hac vice, operates, manages, charters, or otherwise controls the M/V BONITO aka M/V TRANSPACIFIC. The M/V BONITO was within the jurisdiction of the Court on October 20, 2006. Guam Shipyard applied for and was granted a Writ of Attachment in Rem, which was executed by the U.S. Marshal.

On October 25, 2006, TAL Tankholdings made a restrictive appearance, claimed ownership of the M/V BONITO, and moved for release of the vessel. On October 26, 2006, Transatlantic Lines Shipholdings II Inc. ("TAL Shipholdings") made a general appearance in the case.

On October 27, 2006, the Court ordered the release of the vessel upon the posting of a cash bond of $310,000.00 by TAL Tankholdings.

On November 13, 2006, TAL Shipholdings filed an Answer. On the same date, TAL Tankholdings filed a motion to dismiss the M/V BONITO and for return of the $310,000 bond

on the grounds that at the time of the attachment, the vessel was owned by a third party, Goldcup D. 1862 AB, and that during the attachment, ownership was transferred to TAL Tankholdings. The motion alleges that TAL Tankholdings did not create the debt and maritime lien associated with the Guam Shipyard repairs to the M/V BAFFIN STRAIT.

Though filed as a hearing motion for oral argument, opposing counsel did not submit an Agreement of Hearing Date or otherwise comply with LR 7.1(e)(2). Instead, TAL Tankholdings filed the motion to dismiss with a "Notice of Motion", a procedure not utilized in the District Court of Guam. TAL Tankholdings never contacted Guam Shipyard to arrange an agreed date for oral argument on the motion. Ex Parte Appl. for Order Shortening Time to Hear Mot. to Dismiss, Ledger Decl., ¶ 2. Had this simple step been taken, it is safe to say that this motion would not now be before the Court. Notwithstanding the absence of an Agreement of Hearing Date, the Clerk of Court surprisingly still filed the motion and set it for hearing on January 9, 2007. Under this scenario, Guam Shipyard's opposition would have been due fourteen (14) days prior to the hearing.

Guam Shipyard then immediately contacted TAL Tankholdings' legal counsel and asked for a stipulation to take off the hearing *and stay the motion* in order to accommodate for discovery on the issues presented in the motion. *See* Ex Parte Appl. for Order Shortening Time to Hear Mot. to Dismiss, Ledger Decl., ¶ 3. TAL Tankholdings took off the hearing but did not agree to stay the motion, thereby making matters worse by *accelerating the deadline* for Guam Shipyard's Opposition to November 27, 2006. *See* Ex Parte Appl. for Order Shortening Time to Hear Mot. to Dismiss, Ledger Decl., ¶ 4.

## III. THE MOTION TO DISMISS IS CONVERTED TO A MOTION FOR SUMMARY JUDGMENT.

Transatlantic brings its motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6). Rule 12 provides that if a motion made pursuant to subsection (b)(6) is accompanied by "matters outside the pleadings," "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such as a motion by Rule 56." Fed. R. Civ. P. 12(b).

Here, Defendant presents matters extrinsic to the pleadings, specifically, the Declaration of Gudmundur Kjaernested which claims that TAL Tankholdings and TAL Shipholdings hold separate corporate forms and that TAL Shipholdings has no relationship to the M/V BONITO. On its face, the motion to dismiss therefore converts to a motion for summary judgment.

### IV. AS GUAM SHIPYARD IS ENTITLED TO A CONTINUANCE OF THE MOTION TO DISMISS IN ORDER TO CONDUCT DISCOVERY UNDER RULE 56(F), THE COURT SHOULD STAY THE MOTION OR ORDER IT WITHDRAWN WITHOUT PREJUDICE.

Under Rule 56, summary judgment may be granted if the pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 affords the defending party absolute right to conduct discovery to show that there are genuine issues of fact and that, accordingly, the motion should be denied. Under Rule 56, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f).

Guam Shipyard seeks to stay the pending Motion to Dismiss in order to allow sufficient time for Guam Shipyard to conduct discovery regarding ownership, operation, management, and other form of influence exerted over the M/V BONITO. In the context of maritime liens and *in rem* proceedings to enforce and secure such liens, the controlling issues are complex and a far cry from simple claims of corporate ownership by one company and not another. Moreover, As Mr. Kjaernested admits, a connection exists between TAL Tankholdings and TAL Shipholdings.

Kjaernested Decl., ¶ 6. Guam Shipyard intends to conduct discovery on the extent of that relationship, whether TAL Tankholdings had any relationship with the M/V BAFFIN STRAIT, and whether TAL Shipholdings had any relationship with the M/V BONITO. Such discovery will include requests for production of documents and depositions of Mr. Kjaernested and other TAL Shipholdings and TAL Tankholdings officials with knowledge of the ownership, operation, management, and other form of influence exerted over the M/V BONITO and the M/V BAFFIN STRAIT.

Rule 56 warrants providing Guam Shipyard with this opportunity to conduct discovery and to compile affidavits in support of its position. Only after such discovery is conducted may Guam Shipyard be able to assess and respond to the motion to dismiss, and the Court will be able to determine whether to grant Defendant's motion or deny it and retain jurisdiction over the cash bond which stands in the shoes of the in rem defendant vessel. In other words, the Court will have to decide whether or not to vacate the Rule B arrest of the vessel. Absent such discovery and affidavits, it will be impossible for the Court to make an informed ruling on the complex issues presented.

## V. DEFENDANT'S VIOLATION OF THE LOCAL RULES MANDATE AN AWARD OF ATTORNEYS FEES AND COSTS FOR PRESENTING THIS MOTION

As a final note, Guam Shipyard directs the Court's attention to TAL Tankholdings' violation of LR 7.1. The District Court of Guam's Local Rules of Practice govern the setting of motions presented to the Court. Local Rule 7.1 states that oral argument on motions is not automatic. LR 7.1(e)(1). If a party requests oral argument, the requesting party clears a date with the opposing side and then with the Court, and then files an "Agreement of Hearing Date." For motions set for hearing, the deadline to file an Opposition is not less than 14 days preceding oral argument. LR 7.1(d)(1)(A). For motions not set for hearing, the deadline to file an

Opposition is 14 days from the date the motion is filed. LR 7.1(d)(2)(A).

TAL Tankholdings never contacted Guam Shipyard to set a hearing date for the motion to dismiss. Rather, Guam Shipyard never saw the motion coming. Ex Parte Appl. for Order Shortening Time to Hear Mot. to Dismiss, Ledger Decl., ¶ 2. Had it done so, Guam Shipyard would have advised opposing counsel that the motion to dismiss was converted to a motion for summary judgment by reliance on the supporting declaration and of the discovery necessary to respond to the motion. It would have been a simple task to agree on a hearing date to accommodate Rule 56(f) discovery, which is precisely one of the reasons LR 7.1(e)(2) exists in its present form. However, TAL Tankholdings did not avail itself or Guam Shipyard of the protections and procedures of LR 7.1.

Because Defendant has now withdrawn its request for oral argument and converted the motion to a non-hearing motion the situation is not better but instead worse. For non-hearing motions LR 7.1(d)(2)(A) requires Guam Shipyard to file an opposition to the motion on November 27, 2006. It is self-evident that this is an impossible task.

Guam Shipyard has been placed in a precarious position with an impossible opposition due in only a few business days. Defendant's failure to follow the local rules and its lack of willingness to cooperate to fix the problem it caused has compelled the filing of this motion. Moreover, its non-responsiveness to a requested stipulation for an adequate discovery schedule now requires the Court's time and involvement. For these reasons, and in particular the lack of willingness to resolve a simple dispute without involving the Court, the Court should impose an award of attorneys fees and costs incurred by Guam Shipyard in preparing and presenting this ex parte motion to stay.

## VI. CONCLUSION

For the foregoing reasons, Guam Shipyard seeks an Order staying the Motion to Dismiss

until Guam Shipyard has adequate time to conduct discovery and respond to the Motion. Once Guam Shipyard has completed discovery, it will advise the Court and will submit an Agreement of Hearing Date.

Guam Shipyard also seeks an award of fees and costs for Defendant's non-compliance with the Local Rules, which has compelled Guam Shipyard to ask the Court for the above-stated relief, and the waste of legal fees and judicial resources in addressing this motion.

DATED: Hagåtña, Guam, November 22, 2006.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Guam Industrial Services dba Guam Shipyard

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Guam Industrial Service dba Guam Shipyard

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM INDUSTRIAL SERVICE DBA GUAM SHIPYARD,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSATLANTIC LINES,<br><br>Defendant in Personam<br><br>M/V BONITO aka M/V TRANSPACIFIC,<br><br>Defendant in Rem. | CIVIL CASE NO. CIV06-00033<br><br>**DECLARATION OF SERVICE** |

## **DECLARATION OF SERVICE**

I, Elyze McDonald, declare that on the 22d day of November 2006, I will cause to be served, via hand delivery, a true and correct copies of the following:

1. Plaintiff Guam Industrial Service dba Guam Shipyard's Motion To Dismiss; Memorandum In Support Thereof; Declaration Of Service; and

2. Ex Parte Application To Shorten Time To Hear Plaintiff's Motion To Stay Defendant's Motion To Dismiss; Memorandum Of Points And Authorities; Declaration Of David Ledger

upon the following Counsel of record:

>Jehan'Ad G. Martinez, Esq.
>**BLAIR STERLING JOHNSON MARTINEZ**
>**& LEON GUERRERO, P.C.**
>Suite 1008, Pacific News Building
>238 Archbishop F.C. Flores Street
>Hagåtña, Guam 96910

DATED: Hagåtña, Guam, November 22, 2006.

CARLSMITH BALL LLP

*/s/ Elyze J. McDonald*
DAVID LEDGER
ELYZE J. MCDONALD