ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Guam Industrial Services dba Guam Shipyard



FILED
DISTRICT COURT OF GUAM
NOV 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM INDUSTRIAL SERVICES DBA GUAM SHIPYARD,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSATLANTIC LINES,<br><br>Defendant in Personam.<br><br>M/V BONITO aka M/V TRANSPACIFIC,<br><br>Defendant in Rem. | CIVIL CASE NO. CIV06-00033<br><br>EX PARTE APPLICATION TO SHORTEN TIME TO HEAR PLAINTIFF'S MOTION TO STAY DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID LEDGER |

### EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR PLAINTIFF'S MOTION TO STAY DEFENDANT'S MOTION TO DISMISS

Plaintiff Guam Industrial Services dba Guam Shipyard ("Guam Shipyard") hereby applies *ex parte* to the Court for an Order shortening time to hear its Motion to Stay Defendant M/V BONITO's Motion to Dismiss. This application is supported by the attached Memorandum of Points and Authorities and the Declaration of David Ledger attached hereto.

### MEMORANDUM OF POINTS AND AUTHORITIES

In this application to shorten time to hear Guam Shipyard's Motion to Stay Defendant's

Motion to Dismiss, Guam Shipyard states out the following:

1. On November 13, 2006, Defendant filed a Motion to Dismiss along with a Notice of Hearing, and not an "Agreement of Hearing Date," as required by LR 7.1(e)(2). Defendant had not contacted Plaintiff to obtain an agreed upon hearing date.

2. The Clerk subsequently set the motion for hearing for January 9, 2007, despite the improper filing.

3. The Motion to Dismiss involves matters "outside the pleadings," specifically, the ownership of the M/V BONITO and the relationship between Transatlantic Lines Tankholdings, Inc. ("TAL Tankholdings") and Transatlantic Lines Shipholdings II, Inc. In fact, the Motion is supported entirely by matters outside the pleadings, in particular a sworn declaration by the Vice President of TAL Tankholdings, Gudmundur Kjaenested.

4. As the matters raised in the Motion to Dismiss are "outside the pleadings," the Motion to Dismiss is converted to a Motion for Summary Judgment under Federal Rules of Civil Procedure 12(b) and 56. In order to respond, Guam Shipyard must conduct discovery on these matters, and is allowed under Rule 56(f) to conduct such discovery and compile affidavits accordingly.

5. TAL Tankholdings never contacted Guam Shipyard to arrange an agreed date for oral argument on the motion. Ledger Decl., ¶ 2. Guam Shipyard repeatedly contacted TAL Tankholdings (by e-mail, letters and phone calls) and asked for a stipulation to take off the hearing and stay the motion in order to accommodate for discovery on the issues presented in the motion. Ledger Decl., ¶ 3. On November 17, 2006, TAL Tankholdings took off the hearing but did not agree to stay the motion. Ledger Decl., ¶ 4. Instead of solving the problem, this only made it worse, as stated below in paragraph 6.

6. By taking off the hearing, under LR 7.1(d)(2)(A), Guam Shipyard must now file its Opposition to the Motion on November 27, 2006.

7. Guam Shipyard cannot meet this deadline to file an Opposition or conduct any discovery. Ledger Decl., ¶ 5.

8. Guam Shipyard has contacted counsel for Defendants and advised them of the substance of this Application, and the anticipated time and date for the Application. Ledger Decl., ¶ 6.

Guam Shipyard therefore requests that the Court GRANT this Ex Parte Application to Shorten Time to Hear its Motion to Stay Defendant's Motion to Dismiss and to set the matter for hearing on November 22, 2006, which is the only remaining business day before the deadline imposed by LR 7.1(d)(2)(A).

DATED: Hagåtña, Guam, November 22, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Guam Industrial Services dba Guam Shipyard

## DECLARATION OF DAVID LEDGER

I, David Ledger, declare under penalty of perjury the following:

1. I am the attorney for the Plaintiff Guam Industrial Services dba Guam Shipyard ("Guam Shipyard").

2. TAL Tankholdings never contacted Guam Shipyard to arrange an agreed date for oral argument on the motion.

3. Upon receipt of TAL Tankholdings' Motion to Dismiss, on several occasions I contacted counsel for TAL Tankholdings (by e-mail, letters and phone calls) and asked for a stipulation to take off the hearing and stay the motion in order to accommodate for discovery on the issues presented in the motion.

4. On November 17, 2006, TAL Tankholdings took off the hearing but did not agree to stay the motion. Further requests to stay the motion went unanswered.

5. Guam Shipyard cannot conduct discovery by November 27, 2006, on the issues presented in the Motion to Dismiss.

6. On November 21, 2006, my office contacted Jehan'ad Martinez, counsel for the M/V BONITO and TAL Tankholdings. Mr. Martinez had left the office for the day, and a message was left with his receptionist, Jenny Mendiola, that this Ex Parte Application was being filed, and that it was expected to be heard on November 22, 2006.

DATED: Hagåtña, Guam, November 22, 2006.

_____
DAVID LEDGER