FILED  
DISTRICT COURT OF GUAM  
NOV 22 2006  
MARY L.M. MORAN  
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

GUAM INDUSTRIAL SERVICES DBA GUAM SHIPYARD,

Plaintiff,

vs.

TRANSATLANTIC LINES,

Defendant in Personam,

M/V BONITA aka M/V TRANSPACIFIC,

Defendant in Rem.

Civil Case No. 06-00033

ORDER RE: MOTION TO STAY DEFENDANT'S MOTION TO DISMISS AND APPLICATION TO SHORTEN TIME

This case is before the court on the Plaintiff Guam Industrial Services dba Guam Shipyard's ("Guam Shipyard") Motion to Stay Defendant's Motion to Dismiss[1] and Application to Shorten Time to Hear Plaintiff's Motion to Stay Defendant's Motion to Dismiss. Pursuant to Local Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[2]

Presently, the Plaintiff's opposition to the Defendant's motion is due on November 27, 2006. However, the Plaintiff claims that the Defendant's motion to dismiss is in fact a motion for summary judgment and therefore according to Rule 56(f) of the Federal Rules of Civil Procedure the Plaintiff

---

[1] After reviewing Guam Shipyard's submissions the court finds that this motion is more appropriately characterized as a request for extension of time to file an opposition.

[2] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file." In light of this court's order, the Application to Shorten Time to Hear Plaintiff's Motion to Stay Defendant's Motion to Dismiss is considered moot.
<101>

is entitled to conduct some discovery before filing its opposition. The court finds that the basis of the motion has merit and that the Plaintiff should be given time to conduct limited discovery on the matter of the ownership of the M/V Bonita.[3] Accordingly, the court will **GRANT** the motion and extend the time for the Plaintiff to file its opposition to the motion to dismiss to January 10, 2007. Should there be a need for additional time for discovery purposes the Plaintiff can so move. Otherwise, the Defendant shall filed its Reply by January 17, 2007 and thereafter the court will set this case for a hearing or consider the matter submitted and issue an Order.

**SO ORDERED** this 22nd day of November 2006.

FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
District Court of Guam

---

[3] The court notes that after discovery on the issue of ownership the case against the *in rem* defendant may be dismissed on the part of the plaintiff.